IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT TOWNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:03-cv-618-MJR |
| ) | |
| FRANK LABORE and TIMOTHY ) | |
| ADESANYA, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by the defendants, Frank Labore and Timothy Adesanya[1] on April 25, 2005 (Doc. 20) . For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED IN PART and DENIED IN PART** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The plaintiff, Brent Townley, was an inmate at the Federal Correctional Institution at Greenville, Illinois, when he injured his knee. In his complaint, filed on September 23, 2003, he alleged that, while playing softball on September 29, 2001, he suffered a knee injury that was subsequently diagnosed as a torn right knee ACL (Anterior Cruciate Ligament). At the time of the injury, he was seen by the defendant, Timothy Adesanya, a physician's assistant, who treated Townley on September 29, 2001, October 1, 2001, and October 3, 2001 for his knee. Adesanya

---

[1] The docket currently identifies this defendant as "Abesayna."

also treated Townley for unrelated medical issues a few times between May 31, 2002 to August 26, 2003.

The evidence[2] reveals that, on the date of the injury, September 29, 2001, Adesanya examined Townley and "noted that Townley had full range of motion, pain on extension, no edema, no ecchymosis, and a Drawer's Test was negative on the right knee. The left knee was negative for all of these findings" (Adesanya Dec. ¶3). Adesanya diagnosed Townley with a soft tissue injury and told Townley to use a cold compress, elevate and rest his right knee, take Motrin, and use crutches (Adesanya Dec. ¶3). Adesanya reaffirmed his diagnosis of soft tissue injury at a follow-up appointment on October 1, 2001 (Adesanya Dec. ¶4). Adesanya also told Townley that he did not believe that an x-ray of the knee was "clinically indicated" (Adesanya Dec. ¶4). On the last date that Adesanya saw Townley for this injury, he observed "edema, pain on flexion, a negative drawer test, and no effusion" and reiterated his original treatment plan (Adesanya Dec. ¶5).

The undisputed evidence reveals that on October 9, 2001, Townley was seen by Physician's assistant Graciano Arroyo. Arroyo observed that Townley walked with a limp, that there was minimal effusion, noted a negative Drawer's sign, and documented radiating pain (Thomas Dawdy Dec. at ¶6). Arroyo ordered an x-ray. Townley then was seen by Physician's

---

[2] Townley makes a number of assertions in his response to the motion for summary judgment that contain no citation to the record and that are unsupported by his declaration (or any other evidence). For purposes of this Report and Recommendation, then, the Court only relies on facts that are supported by the record. See FEDERAL RULE OF CIVIL PROCEDURE 56(e); Michael v. St. Joseph County, 259 F.3d 842, 845 (7th Cir. 2001) ("To successfully oppose the defendants' motion for summary judgment, Michael must do more than raise a metaphysical doubt as to the material facts, and instead must present definite, competent evidence to rebut the motion." (quotation marks and citations omitted)); See also Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004) (noting that facts in a *verified* response to a motion for summary judgment are competent evidence).

Assistant Sat Rattan on October 18, 2001 who diagnosed him with arthralgia (joint pain) (Dawdy Dec. at ¶7).  On November 2, 2001, Dr. Nashed examined Townley and found "moderate effusion" and positive Lackman Test and Drawer's Test (Dawdy Dec. at ¶8).  Dr. Nashad diagnosed a possible MCL (medial collateral ligament) tear and a possible ACL tear.  Thereafter, Townley was treated for his knee injury and underwent surgery to repair the torn ACL in February, 2005 (Pl. Ex. 1 at p. 1).

The undisputed evidence further reveals that Frank Labore, the other defendant, was the Health Services Administrator at FCI Greenville during the relevant time period (Frank Labore Declaration ¶1).  Labore's contact with Townley was limited to four occasions: in October, 2001, Labore referred Townley to Dr. Nashed, an orthopedist (Labore Dec. ¶4); Labore discussed with Townley his knee injury on March 14, 2002 (Labore Dec. ¶5); In April, 2002, Labore responded to a request for a knee brace (Labore Dec. ¶6); and, on May 17, 2002, Labore made a medical entry regarding an orthopedic consultation (Labore Dec. ¶7).   This is the extent of the defendants' contact with Townley.

On June 17, 2005, this Court notified Townley that the Defendants' motion would be treated as one for summary judgment (Doc. 24).  He was informed of the procedure and the necessity of presenting evidence to support his allegations.  Townley filed his response on July 14, 2005 (Doc. 25).  In this response, Townley asserts that Adesanya "never conducted a drawers test or lackney's test and only gave me a motrin and an ace bandage and one (1) crutch" (Pl. Resp. at p. 4).  He further states that Adesanya "is downplaying evident pain" and that he followed Adesanya's instructions to apply ice and elevate his leg (Pl. Resp. at p. 4).  Finally, he states that "it is well know [sic] that defendant Adesanya has a history of treating prisoners like mangey dogs and that he is a vicious hater of prisoners"  (Pl. Resp. at p. 4).  Townley does not

point to any document, affidavit, or declaration to support these assertions.

With respect to Labore, Townley asserts that "Defendant Labore delayed Townley's medical treatment . . . . The unnecessary infliction of pain caused by defendant Labore's negligence was a violation of law" (Pl. Resp. at p. 5). Attached to Townley's response are medical records related to his ACL surgery and a declaration. In this declaration, Townley states that "Adesanya accused me of faking my injuries. He also stated that prisoners get too much free care and that I should not complain" (Brent Townley Dec. at ¶4). He declared that he "followed the recommendations of defendant Adesanya and I applied ice to my injury, used the ace bandage and elevated my knee as directed" (Townley Dec. at ¶3). He further notes that "the defendants caused undue delay" and that he suffered with pain for four years. (Townley Dec. at ¶¶6-7).

### CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inap-

propriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  Plair v. E.J. Brach & Sons, Incorporated,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836.  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994).  See also, Miller,168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

Townley asserts that the Defendants were deliberately indifferent to a serious medical

5

need and that their actions violated the Eighth Amendment prohibition against cruel and unusual punishment.  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, (1976).  In order to prevail on this claim, the Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." Greeno v. Daley, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).  With respect to the first requirement, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Foelker v. Outagamie County, 394 F.3d 510, 512-513 (7th Cir. 2005) (citation omitted).  With respect to the prison official's state of mind, "the infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir. 1985).  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. Duckworth, 780 F.2d at 653; Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987).  Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. Greeno, 414 F.3d at 653.

**Defendant Adesanya**

The Defendants do not appear to challenge the objective seriousness of the Townley's knee injury.  The medical records supplied by the parties reveal that Townley did, in fact, have a right knee ACL tear that resulted in pain and that required numerous evaluations and ultimately surgery.  The only question, then, is whether Adesanya was deliberately indifferent to that need.

6

As indicated above, Adesanya evaluated Townley on 3 occasions.  After October 3, 2001, Townley was being treated by other persons whom he has not sued (except Labore).  As such, the only relevant time period is from September 29, 2001 to October 9, 2001; and, the only issue that is before the Court is whether, during this time period, Adesanya was deliberately indifferent to Townley's knee condition.[3]

     Adesanya's declaration essentially asserts that he treated Townley for what he believed was a soft-tissue injury, that he did not think that an x-ray was clinically indicated, and that Townley admitted that he was not following Adesanya's treatment regimen (Adesanya Dec. at ¶¶ 3-5).  To counter these assertions, Townley declares that he followed Adesanya's directions, with respect to the icing, elevation, and bandaging, and that Adesanya accused him of faking his injury and instructed him to not complain (Townley Dec. at ¶¶3-4).  For purposes of summary judgment, this Court must accept the Plaintiff's evidence: his declaration that Adesanya accused him of faking his injury and instruction that he should not complain and Townley's compliance with Adesanya's treatment plan.  Payne v. Pauley, 337 F.3d 767, 770 (2003) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.").  Townley also has stated, in an affidavit attached to the complaint, that Adesanya did not give him any pain medication for at

---

[3] For example, the Plaintiff has presented no evidence that after October 9, 2001 Adesanya was involved in any evaluations of his knee.  He also has presented no evidence that Adesanya ignored his medical requests or refused to provide treatment after that date.  Instead, the evidence reveals that Townley received medical care from others including Physician's Assistants Arroyo and Rattan, orthopedist Dr. Nashed, and, subsequently, other medical providers not employed by the prison.

7

least two days and that he was in "excruciating pain" (Brent Townley Aff. at pp. 1-2).[4]  These facts are in dispute as Adesanya asserts that Townley did not follow all of his instructions, that he gave Townley pain medication on the day of the injury, and that he never believed (or said) that Townley was faking his injuries.  The question now is whether these facts (as asserted by Townley) are material to the issue of deliberate indifference.

Whether or not Townley followed Adesanya's treatment plan is not material as that fact is not outcome determinative.  See Evans v. City of Chicago, 434 F.3d 916, 924 (7th Cir. 2006). This fact is irrelevant to the question of deliberate indifference, which focuses of Adesanya's behavior and not on Townley's behavior.

With respect to the assertion that Adesanya told Townley that he was faking his injury, that he should not complain, and that Adesanya failed to give Townley pain medication for two days, these facts are material based on the inferences that can be drawn therefrom.  On the one hand, a jury could conclude that Adesanya believed that Townley had a soft tissue injury, that he ordered the necessary treatment, and that he was required to do nothing more.  On the other hand, a jury could conclude that Adesanya did not believe that Townley was injured and that, by extension, Adesanya intentionally did not prescribe pain medication or the *proper* treatment plan and did not order necessary tests.[5]  A jury could draw the inference that if Adesanya did not believe that Townley had an actual injury, he just ordered some conservative "treatment" that

---

[4] The Defendants do not mention this affidavit.  The affidavit was not submitted by Townley in opposition to the motion for summary judgment.  While the Court is not required to scour the record in order to find support for Townley's claims, Waldridge v. American Hoechst Corporation, 24 F.3d 918, 922 (7th Cir. 1994), the record in this matter is not overly large.

[5] By analogy, it would be like giving crutches to an inmate complaining of chest pain knowing that the crutches would do nothing to alleviate the condition.

would do nothing to alleviate Townley's condition.  While Townley has presented no direct evidence of what Adesanya could have done, had he believed that Townley was injured, the medical records provide at least some evidence from which reasonable inferences could be drawn.  For example, a jury could reason that Adesanya could have ordered an x-ray like Arroyo did on October 9, 2001,[6] (Dawdy Dec. at ¶6), that he could have referred him to a specialist sooner, could have prescribed more effective pain medication, or he could have suggested that an MRI be performed.[7]  These actions may have resulted in a speedier diagnosis of Townley's condition or may have led to more effective pain management.  If Adesanya did not believe that Townley had a serious medical need, a jury could conclude that he was wholly indifferent to that need.[8]  For this reason, this Court cannot recommend that summary judgment be granted with

---

[6] Adesanya stated in his declaration that an x-ray would not have "detected the types of ligament tears that Townley was ultimately diagnosed with" (Adesanya Dec. at ¶8).  However, Dawdy stated in his declaration that after reviewing an x-ray, "Dr. Nashed's impression was a possible medial collateral ligament (MCL) tear *and anterior cruciate ligament (ACL) tear*" (emphasis added) which was confirmed by an MRI (Dawdy Dec. at ¶8).  These two declarations appear to be contradictory.

[7] In his declaration, Adesanya stated that he could have ordered a physician's consult if he believed that additional tests, like an MRI, are clinically supported (Adesanya Dec. at ¶2).

[8] This is a close call.  On the one hand, Adesanya did not wholly ignore Townley's condition and on the other hand he may have believed that the condition was being faked.  In Banks v. McCreedy, 2004 WL 2915317 (W.D. Wis. 2004), an unreported case that has no precedential authority, the District Court reached an opposite conclusion on threshold review.  In that case, the Plaintiff alleged that the Defendants were deliberately indifferent to a serious medical need.  The Plaintiff alleged that he had constant shoulder pain and, after he had been seen by a doctor twice on an emergency basis, questioned one of the Defendants about why he had not been taken to see a specialist.  One Defendant indicated that he believed that the Plaintiff was faking his injuries and other Defendants told the Plaintiff to seek medical care through a petition to the courts.  The District Court stated that while the Defendants' comments were "insensitive," the Plaintiff had failed to make a showing that supported deliberate indifference because he was taken to the emergency room on four occasions and given a sling and pain medication for his condition.  Id. at *5.  The Court held that these facts allege, at most, a negligence claim and not a deliberate indifference claim.  Id.

respect to the claim against Adesanya.

Notwithstanding this conclusion, Townley has presented no evidence that Adesanya should be liable for four years of pain and suffering as advocated in his declaration. As noted above, there is no evidence that Adesanya had anything to do with Townley's treatment after October 9, 2001, the first day that Townley was being treated by others. Indeed, the evidence reveals that Townley was being treated by other physician's assistants and by Dr. Nashed from October 9, 2001 to February, 2005. Therefore, if Townley ultimately prevails on his claims against Adesanya, recovery should be limited to damages incurred from September 29, 2001 to October 9, 2001.

**Defendant Labore**

In stark contrast to his claims against Adesanya, Townley has presented no evidence that Labore was indifferent to his medical needs. While Townley makes a great number of statements in his response to the motion for summary judgment, the only evidence that he provides is his declaration and medical records related to his surgery. He asserts only the vaguest facts against Labore: that the Defendants, in general, "caused undue delay in getting my

---

(FN 8 cont'd)

This Court cannot similarly conclude that Adesanya's statement that Townley is faking his injuries is merely unfortunate. While speculation is not enough to withstand summary judgment, McCoy v. Harrison, 341 F.3d 600, 605 (7th Cir. 2003) (stating that the Court is not required to draw every "conceivable inference" and that "mere speculation or conjecture will not defeat summary judgment" (quotation marks and citations omitted)), a jury could draw inferences that would lead to the conclusion that Adesanya was grossly negligent or deliberately prescribed treatment plans that would be wholly insufficient. It is also a jury question whether a person in Adesanya's position, and with the information that he had, would have recognized that the injury was a torn ACL, as oppose to a soft-tissue injury, had he believed that Townley did have an injury. Finally, it is also a jury question whether essentially ignoring Townley's condition for 5 days and failing to prescribe pain medication for two days is deliberate indifference.

surgery done." He has not asserted what actions Labore specifically undertook to delay his treatment or what more Labore could have done to ensure that he was receiving adequate treatment. For this reason alone, summary judgment should be granted in favor of Labore.

In addition, the evidence reveals that Labore acted reasonably based on his limited contact with Townley. As Labore states in his declaration, he referred Townley to an orthopedist in October, 2001, he spoke with Townley about his injury, and he responded to a request for a knee brace. There is no indication in the record that Labore was Townley's primary physician or even that he was involved in Townley's day-to-day care. There is no evidence that Labore did not follow the instructions of Townley's medical providers or that he failed to respond to Townley's requests. There is simply no evidence to indicate that Labore was deliberately indifferent to Townley's medical needs.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment filed by the defendants, Frank Labore and Timothy Adesanya on April 25, 2005 be **GRANTED IN PART and DENIED IN PART** (Doc. 20) and that the Court adopt the foregoing findings of fact and conclusions of law.

Specifically, this Court **RECOMMENDS** that summary judgment be granted in favor of Defendant Frank Labore and that the Plaintiff's future possible recovery with respect to his claims against Defendant Timothy Adesanya be limited to damages incurred from September 29, 2001 to October 9, 2001.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before

either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 22, 2006**

                                                                **<u>s/ Donald G. Wilkerson</u>**
                                                                  **DONALD G. WILKERSON**
                                                                  **United States Magistrate Judge**